UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APRIL ADJEI<br>   Plaintiff,<br><br>v.<br><br>CORNU MANAGEMENT,<br>   Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 04-CV-10163-WGY<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

This is a civil action brought by the Plaintiff, April Adjei, (hereinafter "Plaintiff" or "Adjei") alleging damages caused by the Defendant, Cornu Management, (hereinafter "Defendant" or "Cornu") for unlawful discrimination due to race, color and sex in violation of 42 U.S.C.§2000(e) et. seq. and M.G.L.c. 151B.

The Defendant files this Memorandum of Law in support of Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint because Plaintiff's M.G.L.c. 151B claim is time barred as she filed the instant complaint one year and twelve days after the period prescribed in the statute of limitations.

### II. STATEMENT OF FACTS

1. Plaintiff is an African American (non-hispanic) female who was employed by the Defendant Cornu Management. (See Plaintiff's Complaint at ¶ 2).

2. The Plaintiff was hired by Defendant on or about October 15, 1999 as an Assistant Property Manager for Facilities. (See Plaintiff's Complaint at ¶ 10).

3. The Plaintiff's employment with the Defendant was terminated on January 11, 2000. (See Plaintiff's Complaint at ¶ 17).

4. On or about February 8, 2000, the Plaintiff filed her charge of discrimination against the Defendant with the Massachusetts Commission Against Discrimination (hereinafter "MCAD"). (See Plaintiff's Complaint at ¶ 8).

### III. ARGUMENT

#### A. APPLICABLE LAW:

In the exercise of pendent jurisdiction over state law claims, a federal court is to apply the governing substantive state law. *Cumberland Village Housing Assoc. v. Inhabitants of the Town of Cumberland*, 605 F.Supp. 269, 271 (D.Me. 1985) citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Moreover, a federal court must apply the appropriate state statute of limitations to the pendent state law claims. 605 F.Supp. at 271; see also *Reid v. Madison*, 455 F.Supp. 1066 (E.D.Va.1978); *Stringer v. Commonwealth of Pennsylvania, Department of Community Affairs, Bureau of Human Resources*, 446 F.Supp. 704 (M.D.Pa.1978).

#### B. STANDARD FOR MOTION TO DISMISS:

The court can dismiss for failure to state a claim " 'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.' " *Berezin v. Regency Sav. Bank*, 234 F.3d 68, 70 (1st Cir.2000) (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations of plaintiff's complaint as true and must give plaintiff the benefit of all reasonable inferences. *LaChapelle v.*

2

*Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998). Dismissal is inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 & n. 4 (4th Cir.1993) (internal quotation marks omitted), *cert. denied*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *Richmond, F. & P. R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993). *See generally* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 352 (1990) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). Thus a court should dismiss for failing to state a claim where the face of the complaint reveals obvious, "built in" affirmative defenses, such as statute of limitations. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

  C. **DISMISSAL OF PLAINTIFF'S M.G.L. C. 151B CLAIM IS APPROPRIATE AS THE PLAINTIFF FAILED TO COMMENCE HER ACTION WITHIN THE APPLICATION STATUTE OF LIMITATIONS.**

As the Plaintiff did not file her claim within three years of the alleged unlawful practice her claim under M.G.L. c. 151B is time barred.

Plaintiff's Complaint alleges that the Defendant has unlawfully discriminated against her on the basis of race, color and gender in violation of M.G.L. c. 151B. (See

Count II of Plaintiff's Complaint at p. 7-8).

The statute of limitations applicable under M.G.L. c. 151B has two parts. M.G.L. c. 151B, §§ 5 & 9. First, a plaintiff must file a charge of discrimination with the Massachusetts Commission Against Discrimination, ("MCAD") within 300 days of the alleged act of discrimination. M.G.L. c. 151B, § 5.[1] Second, in order to maintain a M.G.L. c. 151B claim, a plaintiff **must also** bring a civil action within **3 years** after the alleged unlawful practice occurred. M.G.L. c. 151B, § 9. See *Weber v. Community Teamwork, Inc.*, 434 Mass. 761, 784, 752 N.E.2d 700 (2001) (plaintiff's retaliation claim under M.G.L. c. 151B time barred because she asserted her claim nearly four years after the last alleged discriminatory act); *Davis v. Lucent Technologies, Inc.* 251 F.3d 227, 235-236 (1st Cir. 2001) (plaintiff's M.G.L. c. 151B claim was untimely as she failed to file her claim within the 3 year statute of limitations). Thus, it is clear that under M.G.L. c. 151B, § 9, "a civil action brought pursuant to M.G.L. c. 151B must be commenced 'not later than three years after the alleged unlawful practice occurred.'"

In the instant case, according to Plaintiff's pleadings, the alleged act of discrimination occurred on the date she was terminated which was on January 11, 2000. (See Plaintiff's Complaint at ¶ 17). To comply with the applicable statute of limitation, therefore, the Plaintiff must have filed her M.G.L. c. 151B civil action by January 11, 2003. Because plaintiff did not file this action until January 23, 2004, she filed her claim 1 year and 12 days after the period prescribed in the statute of limitation. Therefore, Plaintiff's tardy commencement of her M.G.L. c. 151B count with this Court is time

---

[1] The Plaintiff timely filed her Charge of Discrimination with the MCAD on February 8, 2004. (See Plaintiff's Complaint at § 8). At the time the Plaintiff filed her Charge of Discrimination, the applicable time period for a plaintiff to complain to the MCAD was 6 months. On or about August 7, 2002 the legislature amended M.G.L. c. 151B, § 5 by substituting a 300 days time period for the 6 month time period. St.2002, c 223, § 1. *See* statutory notes to M.G.L. c. 151B § 5.

barred and should be dismissed.

## IV. CONCLUSION

Based upon the foregoing, the Defendant, Cornu Management, respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint.

Respectfully submitted,

CORNU MANAGEMENT
By their attorneys,

_____
Thomas O. Moriarty, BBO #561806
Douglas A. Troyer, BBO# 645134
MARCUS, ERRICO, EMMER
& BROOKS, P.C.
45 Braintree Hill Office Park
Braintree, MA 02184
(781) 843-5000

Dated: April 26, 2004

## CERTIFICATE OF SERVICE

I, Douglas A. Troyer, hereby certify that on this 26th day of April, 2004, a copy of the foregoing Defendant's Memorandum of Law in Support Motion To Dismiss Count Two of Plaintiff's Complaint was served by facsimile and by mailing a copy, first-class, postage prepaid upon the following:

Floyd H. Anderson, Esq.
Law Offices of Floyd H. Anderson, P.C.
170 Milk Street
Boston, MA 02109

_____
Douglas A. Troyer