UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APRIL ADJEI
        Plaintiff,

v.                            C.A. No. 04-CV-10163-WGY

CORNU MANAGEMENT,
        Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Cornu Management, (hereinafter "Defendant" or "Cornu") for its Answer to the Complaint of April Adjei, ("Plaintiff" or 'Adjei") and states as follows:

1.     Paragraph 1 of Plaintiff's Complaint is an introductory Paragraph to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in Paragraph 1.

2.     The Defendant states that the Plaintiff was an African American female when the Defendant made the decision to hire her. The Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.     The Defendant denies the allegations contained in Paragraph 3 of the Complaint to the extent the Plaintiff has identified Cornu Management as the Defendant in this matter rather than its formal corporate name. The Defendant states that Cornu Management Company, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts having its principal place of business located at 95

Broadway, Boston, Suffolk County, Commonwealth of Massachusetts 02116. In further answering, and subject to this clarification, the Defendant states that from 1999 to the present, the Defendant has employed over 15 employees. The Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.    No response required as there is no Paragraph 4 in the Complaint.

5.    No response required as there is no Paragraph 5 in the Complaint.

6.    No response required as there is no Paragraph 6 in the Complaint.

## JURISDICTION

7.    The Defendant states that the allegations contained in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.    The Defendant states that the Plaintiff's Charge of Discrimination is a document which speaks for itself. The Defendant further states that the allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## FACTS

9.    The Defendant admits that the Plaintiff was hired by the Defendant. The Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.    The Defendant admits that the Plaintiff was hired by the Defendant on or about October 15, 1999 as the Director of Facilities for the Riverway Mission Park

2

Apartments. The Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     The Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     The Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     The Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     The Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     The Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     The Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     The Defendant denies the allegations contained in Paragraph 17 of the Complaint.

17.     The Defendant states that there are two (2) Paragraph 17 in the Complaint. This response shall relate to the second Paragraph 17 in the Complaint.

The Defendant states that the Plaintiff was terminated on January 11, 2000. The Defendant further states that the "resignation letter" is a document which speaks for itself. The Defendant denies the remaining allegations contained in second Paragraph 17 of Complaint.

3

18.     The Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT I
### DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e et seq.

19.     The Defendant hereby repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-18, including the second Paragraph 17, of the Complaint as set forth above.

20.     The Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     The Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
### DISCRIMINATION IN VIOLATION OF MASSACHUSETTS G.L. C. 151B

23.     The Defendant hereby repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-22, including the second Paragraph 17, of the Complaint as set forth above.

24.     The Defendant states that no response is required as the Court dismissed Count II of Plaintiff's Complaint.

25-44   No response required as there are no Paragraphs 25-44 in the Complaint. The Defendant further states that no response is required as the Court dismissed Count II of Plaintiff's Complaint.

45.    The Defendant states that no response is required as the Court dismissed Count II of Plaintiff's Complaint.

46.    The Defendant states that no response is required as the Court dismissed Count II of Plaintiff's Complaint.

## PRAYER FOR RELIEF

The statements set forth following Paragraph 46 of the Complaint do not contain allegations of fact and, consequently, they do not require a response, except that the Defendant denies that the Plaintiff is entitled to the relief requested or to any other relief.

## JURY DEMAND

The Defendant demands a trial by jury as to all issues in this case.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each and every allegation of the Complaint which is not specifically admitted is hereby denied.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiff failed to initiate, pursue, comply with and/or exhaust all necessary administrative and/or statutory requirements, remedies, and procedures prior to the commencement of this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any proposed or actual employment actions affecting her were based on legitimate, non-discriminatory reasons.

5

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations and/or administrative filing periods.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be reduced or eliminated because she has failed to take action reasonably necessary to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to properly identify the Defendant

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is equitably or judicially estopped and/or otherwise estopped from recovering on her claims.

## NINTH AFFIRMATIVE DEFENSE

This action is frivolous, unreasonable, and without legal or factual foundation, and the Defendants are entitled to an award of reasonable attorneys' fees and costs.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are or may be barred, in whole or in part, by any other defenses found to be factually merited during the course of discovery in, or trial of, this action.

WHEREFORE, the Defendant, Cornu Management, denies that the Plaintiff is entitled to relief demanded in the Complaint, or any other relief. Accordingly, the Defendant, Cornu Management respectfully requests judgment dismissing the Complaint in its entirety, together with an award of its costs and disbursements, including reasonable attorney's fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

CORNU MANAGEMENT
By their attorneys,

Thomas O. Moriarty, BBO #561806
Douglas A. Troyer, BBO# 645134
MARCUS, ERRICO, EMMER
& BROOKS, P.C.
45 Braintree Hill Office Park
Braintree, MA 02184
(781) 843-5000

Dated: June 6, 2004

## CERTIFICATE OF SERVICE

I, Douglas A. Troyer, hereby certify that on this 6th day of June 2004, a copy of the foregoing Defendant's Answer to Plaintiff's Complaint was served by e-mail and by mailing a copy, first-class, postage prepaid upon the following:

Floyd H. Anderson, Esq.
Law Offices of Floyd H. Anderson, P.C.
170 Milk Street
Boston, MA 02109

Douglas A. Troyer